## SAVAGE v. WHITE.

(Court of Appeals of District of Columbia.
Submitted May 3, 1926. Decided
June 10, 1926.)

No. 4433.

Appeal and error ⬤⇒790(2)—Appeal from judgment dismissing petition for writ of habeas corpus held to present but moot question, where pending appeal release of person confined was obtained in other proceedings (Code, § 927).

Appeal from judgment dismissing petition for writ of habeas corpus to test validity of warrant of commitment, issued from Secretary of the Interior under Code, § 927, *held* to present only a moot question, where pending appeal release of person confined was obtained in other proceedings.

Appeal from Supreme Court of District of Columbia.

Petition by John A. Savage on behalf of James A. Wood for a writ of habeas corpus, to be directed against William A. White, Superintendent of St. Elizabeth's Hospital. From a judgment dismissing the petition, petitioner appeals. Appeal dismissed.

J. A. Savage, of Washington, D. C., in pro. per.

Peyton Gordon and W. H. Collins, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. On July 27, 1925, the appellant, John A. Savage, filed a petition in the lower court for a writ of habeas corpus on behalf of James A. Wood, alleging that Wood was wrongfully restrained of his liberty and held in confinement by the respondent, William A. White, at St. Elizabeth's Hospital, in the District of Columbia. The petitioner alleged that the color of authority by virtue of which the respondent held Wood in his custody was a certain pretended warrant of commitment issued by the Secretary of the Interior in supposed compliance with section 927, D. C. Code, based upon a certificate directed to him by the clerk of the Supreme Court of the District of Columbia in cause No. 37487,

to the effect that Wood had been indicted in said court for the crime of assault with a dangerous weapon, and found by a jury impaneled according to law to be of unsound mind, and adjudged by the court to be an insane person. The petitioner assigned various grounds upon which he claimed that said commitment was illegal and void, and prayed that a writ of habeas corpus should issue in Wood's behalf.

A writ of habeas corpus was thereupon issued, but afterwards the writ was discharged by the court upon motion of the United States district attorney for the District of Columbia, upon the ground that the writ had been improvidently issued on the petition of the appellant, while there was still functioning a duly appointed committee for Wood, who was not made a party in said proceeding. From that order the present appeal was taken.

We now find that, since the appeal was argued and submitted to this court, the subject, Wood, was brought before the lower court in another and entirely different habeas corpus proceeding, which was begun after the date of said argument and submission in this court, and was determined by a jury to be of sound mind, and was thereupon released from St. Elizabeth's Hospital and from the custody of the respondent. In our opinion this fact makes the present appeal moot, for it is useless, so far as the purposes of this cause are concerned, for us to determine whether it was error for the lower court to dismiss the first petition, inasmuch as a second similar petition has since been heard and sustained by the lower court, and the subject Wood is now discharged from the custody of the respondent.

It is, of course, manifest that the issues raised by the indictment against Wood, referred to in the petition in this case, were never before us in this appeal, but only the alleged unlawful restraint of Wood by the respondent at St. Elizabeth's Hospital. The indictment, therefore, and any proceedings under it, are necessarily unaffected by this decision.

The appeal accordingly is dismissed at the costs of the appellant.